T. C. DICKEY ET AL. v. W. N. COOPER ET AL.

(Filed 22 December, 1915.)

**Reformation of Instruments—Equity—Deeds and Conveyances—Mistake.**

A deed will not be reformed for mutual mistake of the parties and the draftsman, in the absence of evidence that all of the parties thereto or the draftsman participated in the mistake alleged.

APPEAL by plaintiff from *Webb., J.,* at August Term, 1915, of CHEROKEE.

Civil action. At the conclusion of the evidence the court sustained a motion to nonsuit, and plaintiff appealed.

*Dillard & Hill for plaintiffs.*
*M. W. Bell and Zeb Weaver for defendants.*

BROWN, J. This action was brought to reform a deed so as to include a tract of land containing 180 acres, being Tract No. 32, District 1, Cherokee County. The plaintiffs allege that they bought from the defendants the land known as the Mission farm, comprised of several tracts of land, including Tract No. 32, and paid for it, but that by inadvertence or mistake of parties and the draftsman the Tract No. 32 was omitted from the deed.

The defendants admit the sale to plaintiffs and execution of deed for the Mission farm, but deny that they ever agreed to sell Tract 32, and deny that it is a part of the Mission farm, and deny that said tract was omitted from the deed by mutual mistake or the mistake of the draftsman. His Honor held that there is no sufficient evidence. We concur in this view.

There is some evidence that W. N. Cooper agreed verbally to sell the Tract No. 32, but none that the other defendants so contracted. There is no evidence that the tract was omitted from the deed by the mutual mistake of all the parties or of the draftsman. This renders it unnecessary to discuss the interesting question discussed on the argument, as to whether a court of equity will reform this deed based upon an oral contract so as to enlarge its subject-matter. *Davis v. Ely,* 104 N. C., 20.

Affirmed.